UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TOMAS RODRIGUEZ,**
   Plaintiff,

v.              **Civil Action No. _____**

**GEICO INSURANCE COMPANY,**
   Defendant.

___

### NOTICE OF REMOVAL
___

  COMES NOW, the Defendant Government Employees Insurance Company, incorrectly named GEICO Insurance Company, (hereafter, "GEICO"), by and through its undersigned attorneys, Simone, Roberts & Weiss, PA (Stephen Simone as to the uninsured motorist claim) and Perry Law, PC (Meloney Perry and Stacy Thompson as to the extra-contractual claims), and hereby files its Notice of Removal pursuant to 28 U.S.C. §§1332, 1441 and 1446, and in support thereof states the following:

  1.  Plaintiff Tomas Rodriguez (hereafter "Plaintiff") filed his Complaint for Negligence, Breach of Contract, Insurance Bad Faith, Unfair Claims Practices and Unfair Trade Practices ("hereinafter "Complaint"). (*See* Plaintiff's Complaint, hereto attached as Exhibit A).

  2.  Plaintiff's Complaint was filed in The Second Judicial District Court, County of Bernalillo, State of New Mexico, as Cause Number D-202-CV-2016-05321 on August 29, 2016. (hereinafter "State Court Action"). (*See id.*)

  3.  Defendant GEICO was served through the Superintendent of Insurance who accepted service on behalf of GEICO, on September 19, 2016, therefore, removal is timely. (*See*

September 19, 2016 Letter from New Mexico Superintendent of Insurance attached hereto as Exhibit B).

4.     Plaintiff alleges he is a resident of Bernalillo County, New Mexico. (*See* Exhibit A. at ¶ 1).

5.     Plaintiff does not make any allegations as to the citizenship of GEICO but does admit GEICO is a foreign corporation. (*See also* generally Exhibit A).

6.     Plaintiff does not make any allegations as to the principal place of business of GEICO but does admit GEICO is a foreign corporation. (*See also* generally Exhibit A).

7.     Defendant GEICO is incorporated in Maryland and its principal place of business is in Maryland.

8.     Pursuant to 28 U.S.C. § 1441(b)(2), removal based on diversity of citizenship requires that no properly joined and served party of interest diversity be a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).

9.     A federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds seventy-five thousand dollars. 28 U.S.C. § 1332(a).

10.    Given the diversity of citizenship, this case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

11.    To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995).

Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996)(denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

12. In addition to actual damages in this case, Plaintiff is requesting attorney fees and costs, compensatory and punitive damages.

13. The limits in the GEICO policy were $50,000/$100,000 for the three vehicles covered by that policy. (*See* Exhibit C, Declarations Page)

14. Less than thirty (30) days have passed since Defendant GEICO was served a copy of the initial pleading on this matter. *See* Exhibit B.

15. By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

17. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing Notice of Removal in the State Court Action, a copy of which is hereto attached as Exhibit D without "Exhibit 1."

18. Defendant filed an answer in the State Court Action on October 18, 2016, a copy of which is hereto attached to this Notice as Exhibit E.

19. Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-CIV. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

20. A Civil Cover Sheet for this Court is hereto attached as Exhibit F.

21. The matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs. Specifically, the Plaintiff has alleged and has demanded the limits of uninsured motorist coverage, but also seeks punitive damages not only for the actions of the tortfeasor but also punitive damages against Defendant GEICO for claim handling. In addition, Plaintiff also seeks attorney's fees under various New Mexico statutes.

WHEREFORE, Defendant GEICO gives notice that this case is removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico.

Respectfully submitted,

*/s/ Stephen M. Simone*
Stephen M. Simone
**SIMONE, ROBERTS & WEISS, PA**
11200 Lomas Boulevard NE, Suite 210
Albuquerque, New Mexico 87112
Telephone: (505) 298-9400
Facsimile: (505) 298-7070
E-mail: ssimone@srw-law.com

*Attorney for Defendant Government Employees Insurance Company, incorrectly named GEICO Insurance Company, as to the underinsured motorist claims only*

       -and-

       */s/ Meloney Perry*
       Meloney Perry
       Stacy Thompson
       **PERRY LAW, PC**
       10440 N. Central Expressway, Suite 600
       Dallas, Texas 75231
       Telephone: (214) 265-6201
       Facsimile: (214) 265-6226
       E-mail: mperry@mperrylaw.com
          sthompson@mperrylaw.com

       ***Attorneys for Government Employees Insurance Company, incorrectly named GEICO Insurance Company, as to the extra-contractual claims only***

Defendant's address:
5260 Western Avenue
Chevy Chase, Maryland 20815

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on the 19th day of October, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

  Michael Duran
  KELLER & KELLER, LLC
  505 Marquette Street NW, Suite 1300
  Albuquerque, New Mexico 87102
  ***Attorney for Plaintiff***

       */s/ Meloney Perry*
       Meloney Perry

00046501.DOCX