# EXHIBIT

# A

**FILED IN MY OFFICE**
**DISTRICT COURT CLERK**
**8/29/2016 7:44:25 AM**
**James A. Noel**
**Catherine Chavez**

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

TOMAS RODRIGUEZ,                              No.     D-202-CV-2016-05321

        Plaintiff,

v.

GEICO INSURANCE COMPANY,

        Defendant.

## COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES, AND UNFAIR TRADE PRACTICES

COMES NOW the Plaintiff, TOMAS RODRIGUEZ, by and through his attorneys, Michael

G. Duran of Keller & Keller, LLC, and for his cause of action against the Defendant, states as

follows:

1.     Plaintiff Tomas Rodriguez is a resident of Albuquerque, Bernalillo County, State of

New Mexico.

2.     Defendant Geico Insurance Company is a foreign corporation, authorized to and

doing business in the State of New Mexico.

3.     This Court has jurisdiction over this matter and venue is proper.

4.     On or about August 8, 2011, in Albuquerque, Bernalillo County, New Mexico,

Plaintiff was traveling in his vehicle, northbound on Carlisle Blvd., in the first right turning lane.

5.     As Plaintiff approached the intersection of Carlisle Blvd., and Montgomery Blvd., he

began his turn onto eastbound Montgomery Blvd.  At that same time, an unknown vehicle in the

adjacent lane, also traveling northbound on Carlisle Blvd., executed a right turn onto eastbound Montgomery Blvd.

6.      The unknown vehicle improperly drove his vehicle into Plaintiff's vehicle causing a collision with Plaintiff's vehicle.

7.      Both drivers pulled over, when Plaintiff notified the unknown driver that he was calling the police to the scene, the unknown driver offered Plaintiff cash to not notify the authorities, which Plaintiff immediately refused.  The unknown driver then fled the scene.

8.      As a result of the collision, Plaintiff suffered serious personal injuries.

9.      As a result of the injuries sustained in the subject collision, Plaintiff suffered substantial wage loss.

10.      The unknown driver was the sole cause of this auto accident.

11.      Plaintiff was examined and treated by medical providers and it was determined the injuries sustained in the collision were of a permanent and ongoing nature.

12.      At the time of the collision, Plaintiff was insured by Defendant Geico with uninsured/underinsured motorist coverage.

13.      Pursuant to his contract with Defendant Geico, Plaintiff paid numerous premiums amounts to Defendant Geico for insurance benefits.

14.      Plaintiff promptly notified Defendant Geico of the collision.

15.      After Plaintiff notified Defendant Geico of the accident, Plaintiff complied with all contractual obligations to cooperate in Defendant Geico's investigation of the claim.

16.      Upon information and belief, Plaintiff provided a recorded statement after the accident.

17.     Upon information and belief, Plaintiff also signed certain medical records releases to allow Defendant Geico to investigate Plaintiff's medical claims.

18.     Plaintiff's insurance with Defendant Geico also includes medical payments coverage benefits that pays for the reasonable and necessary cost of medical care, regardless of any fault involved in the accident.

19.     Defendant Geico paid all of the available medical payment coverage.

20.     Defendant Geico has not made any other effort to reasonably resolve the remainder of Plaintiff Cordova's claims under the available UM/UIM coverage.

21.     Defendant Geico did not timely investigate Plaintiff Cordova's economic losses sustained as a result of the subject collision.

22.     At all times, Plaintiff has cooperated fully with Defendant Geico regarding the subject accident.

23.     Plaintiff attempted settlement with Defendant Geico without adequate response.

24.     Upon information and belief, despite having years to respond to Plaintiff's attempts to settle, Defendant Geico never made any reasonable settlement offer in this matter.

25.     As Defendant Geico's insured, Plaintiff is entitled to have his interests considered on the same footing as the company.

26.     As Defendant Geico's insured, Plaintiff is entitled to prompt, timely claims services.

27.     Defendant Geico's delay in paying Plaintiff's in investigating the accident, delay in making settlement offers, were done in bad faith.

## COUNT I BREACH OF CONTRACT BY GEICO

28.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

29.     Defendant Geico's acts and failures to act, as enumerated above, constitute a willful breach of its contract with Plaintiff.

30.     Plaintiff performed all conditions precedent to his contract with Defendant Geico.

31.     As a direct and proximate result of the breach of the contract by Defendant Geico, Plaintiff has suffered monetary damages necessary to restore to him that which was lost by Defendant Geico's breach, including but not limited to, incidental damages, consequential damages and reliance damages; attorney's fees and costs; and any other damages in an amount to be determined at trial.

32.     Defendant Geico's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling the Plaintiff to an award of reasonable attorney's fees and costs pursuant to NMSA 1978, §39-2-1.

33.     Defendant Geico's actions were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling the Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT II: INSURANCE BAD FAITH

34.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

35.     It is implied in every insurance policy, a duty on the part of the insurance company, to deal fairly with the policy holder.

36.     Fair dealing means to act honestly and in good faith in the performance of the contract.

37.     The insurance company must give equal consideration to its own interests and the interests of the policy holder.

38.     An insurance company and its employees act in bad faith when they refuse to pay a claim of the policyholder for reasons which are frivolous or unfounded.

39.     In deciding whether to pay a claim, the insurance company and its employees must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim.

40.     An insurer and its employees and agents may not unreasonably delay notification to the policyholder that the claim will be paid or denied.

41.     A failure to timely investigate, evaluate, and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

42.     The acts and failures to act of Defendant Geico, as enumerated above, constitute a breach of its duty of good faith to the Plaintiff.

43.     As a direct result of the bad faith of Defendant Geico, Plaintiff has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined at trial.

44.     The acts and failures to act of Defendant Geico, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling the Plaintiff to an award of reasonable attorney's fees and costs pursuant to NMSA 1978, §39-2-1.

45.     The actions of Defendant Geico were malicious, willful, reckless, wanton, oppressive, in bad faith, entitling the Plaintiff to recover punitive damages in an amount to be determined.

COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, INSURANCE BAD FAITH,
UNFAIR CLAIMS PRACTICES, AND UNFAIR TRADE PRACTICES

## COUNT III: UNFAIR INSURANCE CLAIM PRACTICES

46.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

47.     The acts and failures to act of Defendant Geico, as enumerated above, constitute unfair claims practices which are prohibited pursuant to the New Mexico Unfair Insurance Claims Practices Act, NMSA 1978, §59A-16-20.

48.     Specifically, Defendant Geico knowingly engaged in acts with such a frequency as to indicate a general business practice of failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies; and not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear.

49.     As a direct and proximate result of the unfair claims practices of Defendant Geico, Plaintiff has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined at trial.

50.     The Plaintiff is also entitled to an award of attorney's fees and costs under the statute.

## COUNT IV: UNFAIR TRADE PRACTICES

51.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

52.     The acts and failures to act by Defendant Geico, as enumerated above, constitute unfair and deceptive trade practices and unconscionable trade practices which are illegal and prohibited pursuant to the New Mexico Unfair Trade Practices Act, NMSA 1978, §§57-12-1.

53.     Plaintiff was deceived by the unfair and deceptive trade practices and unconscionable trade practices of Defendant Geico.

COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, INSURANCE BAD FAITH,
UNFAIR CLAIMS PRACTICES, AND UNFAIR TRADE PRACTICES

54.     Defendant Geico has used its position as a large company to delay resolution of Plaintiff's claim in the hope of discouraging the claim.

55.     As a direct result of Defendant Geico's unfair and deceptive trade practices and unconscionable trade practices, Plaintiff has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined at trial.

56.     Plaintiff is also entitled to attorney's fees, statutory and treble damages for violations of the Unfair Trade Practices Act.

57.     The acts and failures to act by Defendants were malicious, willful, reckless, wanton, and in bad faith, entitling the Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT VI: NEGLIGENCE BY DEFENDANT GEICO AND ITS EMPLOYEES

58.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

59.     Upon information and belief, Defendant Geico and the employees of Defendant Geico put into operation conduct and actions that resulted in unjustified delay and of Plaintiff's claims.

60.     The acts and failures to act by Defendant Geico and its employees, as enumerated above, were negligent.

61.     As a result of the negligence of Defendant Geico and its employees, Plaintiff has suffered damages, as enumerated below.

62.     The acts and failures to act by and of Defendant Geico and its employees were malicious, willful, reckless, wanton, oppressive, in bad faith, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Geico for all damages as determined at trial; together with the costs of this litigation; pre-judgment and post-judgment interest; reasonable attorney's fees; punitive damages; and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**KELLER & KELLER, LLC**

*/s/Michael Duran*

_____

Michael G. Duran
Attorneys for Plaintiff
505 Marquette St., NW Ste. 1300
Albuquerque, NM 87102
Telephone: (505) 938-2300
Facsimile: (505) 938-2301

COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, INSURANCE BAD FAITH,
UNFAIR CLAIMS PRACTICES, AND UNFAIR TRADE PRACTICES